## Gimbel Brothers, Inc., v. Day

*Maurice M. Green*, for plaintiff.

*Thomas A. Curran*, for Sheriff of Delaware County.

DIGGINS, J., October 23, 1959.—This was an action in assumpsit. Judgment was taken against defendant by default, a fi. fa. issued on March 22, 1957, and on April 4, 1957, household goods were levied upon by the sheriff. James Day, husband of the judgment debtor, filed a property claim and on August 14, 1957, the sheriff of Delaware County filed a petition for interpleader. This interpleader appeared on the argument lists of October 30 and December 12, 1957, and January 25, 1958, but never was acted upon. On October 6, 1958, however, an order was filed, dated September 25, 1958, and a rule for interpleader was made absolute upon condition that claimant file his statement of title and enter security. The statement of title and security was not entered by claimant.

Thereafter, plaintiff sought to have the sheriff proceed with the execution when it was disclosed that the sheriff, on January 31, 1958, before the court made the rule absolute, had notified counsel, in writing, that

considerable time having elapsed in accordance with the law, unless the judgment creditor proceeded in 10 days, the writ would be returned to the prothonotary's office. Plaintiff's counsel admittedly received this notice and ignored it, and thereafter, on March 6, 1958, the sheriff returned the writ, stating:

"LEVIED upon goods situate at 299 Coverly Road, Lansdowne, Penna. on April 4th, 1957 at 1:00 P. M. o'clock in the name of Helen Day as the property of the above named defendant, but the Plaintiff having failed to advance costs for further proceedings, after due notice to his Attorney, said goods remained unsold."

Therefore, when the court made the rule absolute, the property was no longer in custodia legis, although neither the court nor the judgment creditor realized this fact. Plaintiff thereafter presented this petition requesting that the sheriff's return be set aside and the writ of fi. fa. reinstated. At first blush, it might seem irregular that while a rule for interpleader is extant and undisposed of by the court, an action by the sheriff releases the property, but for many years it has been the practice of the sheriff's office of this county in similar circumstances to notify counsel of record when a reasonable time has elapsed of the sheriff's intention to return the writ to the office of the prothonotary. Obviously such a procedure is necessary in order to facilitate the fluid dispatch of the sheriff's business. Clearly this record shows abandonment by both claimant and plaintiff at the time the sheriff returned the writ and counsel for plaintiff had an opportunity more than 10 days before the writ was returned to have retrieved the abandonment and failed.

The Act of June 22, 1931, P. L. 883, 12 PS §2358, provides:

"... If either the plaintiff or claimant fails to show cause why an issue should be framed, such failure

shall be considered an abandonment of his claim as respects said execution or process on the goods or chattels claimed..."

Therefore it would seem that the sheriff's action in returning the writ was proper.

It would appear therefore that the sheriff's action was in conformity with good business practice, and further, the judgment remains and an alias writ can be issued at the pleasure of the judgment creditor. That the same goods may or may not be available for levy is true, and should there be any risk thereby introduced, it should not be borne by the sheriff but by the judgment creditor, who, by his failure to proceed even after notice, brought about the situation, and reinstating the writ could not assure the judgment creditor that the goods were still available, and if they were not, might unfairly and unjustly expose the sheriff to an action on his bond. This we decline to do.

A similar situation arose in the case of L. B. Smith Inc. v. Shellhammer, 5 Schuyl. Reg. 375, and the court therein held that the interpleader act was for the benefit of the sheriff and that when neither party acted to protect their rights, abandonment was presumed, and the sheriff had a right to return the writ, and further in that case the court, just as in our case, having improvidently made the rule absolute, proceeded to correct the record in that regard and struck off the rule absolute.

Therefore, we make the following

### Order

And now, to wit, October 23, 1959, it is ordered, adjudged and decreed that the petition to reinstate the writ of fi. fa. in the above entitled case is hereby dismissed and the order making the rule for interpleader absolute entered on October 6, 1958, be and it is hereby stricken off.